UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Lori Meredith Weatherford :
    Plaintiff, :
     :
    v. : File No. 2:19-CV-117
     :
Economic Services :
University of Vermont, :
    Defendants. :

## OPINION AND ORDER
(Doc. 1)

Plaintiff Lori Meredith Weatherford, proceeding *pro se*, brings this action claiming that she has been the victim of forced live medical experimentation by all social service agencies, businesses, medical companies, and other unnamed individuals including Economic Services University of Vermont. Weatherford entitled this claim as a "cease and desist letter."

Currently before the Court is Weatherford's motion to proceed *in forma pauperis*. Because Weatherford has made the showing of poverty required under 28 U.S.C. § 1915, her motion (Doc. 1) is GRANTED. Nonetheless, for the reasons set forth below, her case is DISMISSED.

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails

to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted).

In Denton v. Hernandez, 504 U.S. 25 (1992), the Supreme Court noted that:

> the *in forma pauperis* statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

Denton, 504 U.S. at 32 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

Here, Weatherford claims that she has been "experimented on" because it was "implied" to her that she

2

had committed crimes. She alleges that medical testing equipment was placed in her motor vehicle and her driver's license was suspended because of tickets that she acquired due to the medical experiments that were taking place while she drove. She alleges that her vehicle was towed and the tow company told her that her vehicle now belonged to the State of New York. Other allegations include harassment taking place due to credit card debt which is the reason behind the medical experimentation. She states that under Section 805 of the Fair Debt Collections Act, "medical experimentation projects are still illegal." She also contends that she is being discouraged from going to college or working due to the fact that the experiments take place while she is at work. In her pleadings, she makes reference to the fact that she is discouraged from taking walks outside because she is unable to do so without being tracked by canines who recognize her scent and track her down at night in order to continue the experiments while she is sleeping.

In addition to her allegations of medical experimentation, she makes reference to the fact that prior to the commencement of the experiments, she was a single

mother with custody of "both daughters." She states that she had a car, no credit card debt, and was "in contact with her family and always paid her rent and other bills" on time. According to her complaint, she is now "homeless, have been estranged from my family (including children), and I have lost my car. I am in daily physical pain." (Doc. 1.)

This Court finds that Weatherford's allegations are generally frivolous. As cited above, the Supreme Court has held that a complaint is factually frivolous when the allegations therein are "irrational or wholly incredible." Denton, 504 U.S. at 33. This is such a case. Weatherford alleges that she has been "experimented on," that she is the subject of surveillance by dogs, and that everything from the timing of the "projects" being instated to her homelessness and familial estrangement is part of a pattern of harassment by unnamed agencies and the Economic Services University of Vermont. Such claims are simply not credible, and will not be allowed to proceed.

The Court further finds that there is no basis for granting leave to amend. In light of the Second Circuit's "jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities,"

Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1998), plaintiffs are usually given leave to amend and replead their complaints before they are dismissed with prejudice under 28 U.S.C. § 1915. See, e.g., Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000). However, courts have the power to dismiss without leave to amend or replead in "extraordinary circumstances, such as where . . . the substance of the claim pleaded is frivolous on its face . . . ." Salahuddin, 861 F.2d at 42 (citing Moorish Science Temple of Am., Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982)). For reasons discussed above, this is one of the rare cases in which the claims are so clearly frivolous that dismissal without leave to amend is appropriate.

Accordingly, it hereby ORDERED that Weatherford's motion for leave to proceed *in forma pauperis* (Doc. 1) is GRANTED, and the claims in this case are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

The Court hereby certifies that any appeal would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3).

Dated at Burlington, in the District of Vermont, this 18th day of July, 2019.

/s/William K. Sessions III  
William K. Sessions III  
Judge, U.S. District Court